1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION
11

| | |
|---|---|
| RAFAEL ROJAS LEAL, et al., <br><br> Plaintiffs, <br> v. <br> GENERAL MOTORS LLC, et al., <br><br> Defendants. | No. 2:25-cv-08545-BFM <br><br> ORDER DENYING MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand. (ECF 10.) For the reasons below, the Motion is **denied**.

**I.     Background**

This action arises out of Plaintiffs' purchase of a 2022 GMC Sierra 2500 HD Crew Cab vehicle, which was manufactured and/or distributed by Defendant General Motors LLC. (Compl. ¶¶ 6, 9-10.) On April 9, 2025, Plaintiffs filed a complaint in Los Angeles County Superior Court, alleging a cause of action under the Song-Beverly Consumer Warranty Act, California Civil Code Section § 1791 *et seq.*, and a violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C §§ 2301-2312, among other claims. (Compl. ¶¶ 8-44.)

On September 9, 2025, Defendant General Motors LLC removed the matter to this Court, citing diversity of citizenship as the basis for federal jurisdiction. (ECF 1.) Plaintiffs moved to remand this action, arguing that Defendant's removal was untimely. (ECF 10.) Defendant opposed the Motion, contending that the removal deadline was not triggered because the face of the Complaint did not reflect Plaintiffs' citizenship or the amount in controversy. (ECF 12.) Plaintiffs replied, arguing that even if removal was timely, Defendant had not established that federal jurisdiction was proper. (ECF 13.) The Court heard argument on the Motion on November 4, 2025. The matter is now ready for decision.

## II. Legal Standard

In general, "defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.*

Federal courts have jurisdiction over two categories of cases: cases that arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). The two bases for jurisdiction serve distinct purposes: "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019)

The procedure for removing a case to federal court is set out in 28 U.S.C. § 1446. Under § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial

2

pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In other words, Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered "'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). The second thirty-day removal period is triggered "if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted).

Removability under § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id.*

Apart from those two thirty-day removal deadlines under § 1446(b), a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable," so long as it does so within a year of the commencement of the action. *Roth*, 720 F.3d at 1123 (noting that "the two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove"); *Iniquez v. Ford Motor Co.*,

3

1  No. 2:25-cv-00055-SK. 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing
2  28 U.S.C. § 1446(c)(1)). This third scenario "presupposes that the defendant has
3  not 'run afoul' of either 30-day deadline but has still discovered the basis for
4  removal within one year from the start of the case." *Id.* (citing *Roth*, 720 F.3d at
5  1125).
6      If a notice of removal is untimely under these rules, a plaintiff may move
7  to remand the case back to state court. *Carvalho*, 629 F.3d at 885.

### III. Discussion

Plaintiffs argue that Defendant's removal was untimely because it had all the information it needed to remove the case within the 30-day window after the Complaint was filed in the Superior Court. (ECF 10 at 9-14.) Plaintiffs contend that Defendant knew, based on the Complaint, that Plaintiffs had sued under the federal Magnuson-Moss Warranty Act and had enough information to infer that federal jurisdiction was appropriate under that statue. Plaintiffs also contend that Defendant had enough information about the citizenship of the parties and the amount in controversy to remove based upon diversity jurisdiction. (ECF 10 at 9-14.) In the alternative, Plaintiffs argue that even if the notice of removal was timely, Defendant has not proven that federal jurisdiction is proper. (ECF 10 at 14-16; ECF 13 at 6-16.) The Court disagrees on both points.

### A. Defendants' Removal Was Timely Given Plaintiffs' Indeterminate Complaint

Both bases for federal jurisdiction are potentially in play here. And relevant to Plaintiffs' Motion, both diversity jurisdiction and federal question jurisdiction premised on the Magnuson-Moss Warranty Act have amount in controversy thresholds. Diversity jurisdiction requires an amount in controversy of $75,000. 28 U.S.C. § 1332(a). And no claim is stated under the Magnuson-Moss Warranty Act unless the amount in controversy is at least

4

$50,000. *See* 15 U.S.C. § 2310(d)(3)(B); *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."). The amount in controversy for Magnuson-Moss claims is determined using the same principles as diversity jurisdiction. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").

Here, Plaintiffs contend that Defendant could ascertain that either the Magnuson-Moss Warranty Act threshold of $50,000 or the diversity jurisdiction threshold of $75,000 was met by looking at the Complaint. They therefore argue that Defendant should have removed the case within the first 30-day window after filing. (ECF 10 at 10-14.)[1]

But, as Plaintiffs acknowledge (ECF 10 at 11), the Complaint does not allege a specific dollar-amount loss. Nor does it allege facts from which damages could be calculated. Actual damages under the Song-Beverly Act are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1)-(2). Plaintiff represented at the hearing that, given the way the case was pleaded, the Court should use the

---

[1] In one place, Plaintiffs seems to suggest that federal question jurisdiction existed simply because the Complaint contained a cause of action under the Magnuson-Moss Warranty Act. (ECF 10 at 10.) Elsewhere, however, they acknowledge the $50,000 threshold for such claims under federal law. (*E.g.* ECF 10 at 11.) The law is clear on this point; a Magnuson-Moss Warranty Act claim is only cognizable if the amount in controversy exceeds $50,000. *Shoner*, 30 F.4th at 1147 (citing 15 U.S.C. § 2310(d)(3)(B)). A claim that fell below that threshold would not be sufficient to invoke federal question jurisdiction.

1 Song-Beverly formula to calculate actual damages under Magnuson-Moss
2 Warranty Act as well.

3 To calculate the amount attributable to the use of the buyer, California
4 law provides a "use offset" formula, which uses the mileage attributable to the
5 buyer and the price of the vehicle to calculate the value of the use the buyer got
6 from the car before discovering the problems. Cal. Civ. Code § 1793.2(d)(2)(C).
7 The Ninth Circuit has sanctioned including a use-offset deduction when
8 estimating the amount in controversy because any estimate of amount in
9 controversy "must be reduced if a specific rule of law or measure of damages
10 limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F.
11 App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation
12 omitted); *see also Manukyan v. Mercedez-Benz USA, LLC*, 2:24-cv-9816-MCS-
13 PD, 2024 WL 5440725, at *2 (C.D. Cal. Dec. 10, 2024) (applying *Schneider*
14 outside the CAFA context).

15 The Complaint here contains none of the information required to perform
16 the above calculations. It includes the make and model of the car that is the
17 subject of the claims, but does not include the purchase price, payment
18 information, or mileage. (*See* Compl.) Courts have routinely rejected the
19 argument that a complaint provides a basis for removal where it lacks such
20 information. *See Gutierrez v. Gen. Motors LLC, et al.*, No. 2:25-CV-08237-JC,
21 2025 WL 3012277, at *4-5 (C.D. Cal. Oct. 27, 2025) (lack of specific dollar value
22 of claims insufficient to trigger removal deadline); *Enciso v. Gen. Motors LLC,
23 et al.*, No. 2:25-CV-07530-WLH-MBK, 2025 WL 2976611, at *3 (C.D. Cal. Oct.
24 22, 2025) ("Plaintiffs fail to provide *any* approximate value of the Subject
25 Vehicle, including the reduction for the use of the vehicle . . . . The Court cannot
26 speculate as to the *actual* amount in controversy of the Subject Vehicle with no
27 other information, such as the actual purchase price and mileage."); *Torres v.
28 Gen. Motors LLC*, No. 2:25-cv-06820-SPG-AGR, 2025 WL 2848989, *3 (C.D. Cal.

1  Oct. 7, 2025) ("[A]bsent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline."); *Pastrana v. Nissan N. Am., Inc.*, 8:24-cv-00515-FWS-ADS, 2024 WL 2817533, *2 (C.D. Cal. Jun. 3, 2024) ("Without information sufficiently providing an amount in controversy, [such as the vehicle sale price, other specific measure of damages, or amount of attorneys' fees and costs,] the presence of diversity jurisdiction is not 'revealed affirmatively in the initial pleading' as necessary to trigger the first thirty-day removal period.").

Plaintiffs also argue that Defendant, as the manufacturer of the car, had all the information it needed to calculate the loss. They point to Defendant's "sophistication" in valuing the cars it manufactures and sells, and to the Complaint's recitation of the forms of relief sought, including civil penalties and attorney's fees. (ECF 10 at 12-13.) Neither of these help Plaintiffs' argument.

On the first point, Defendant's sophistication is irrelevant. Under prevailing law, a defendant is only *required* to remove within the first 30 days where the four corners of the complaint establish federal jurisdiction. *Harris*, 425 F.3d at 694. Here, the Complaint itself does not allege a damages amount, nor does it supply within its four corners the information necessary to calculate those amounts. That Defendant may have been able to remove does not mean that it had to do so. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) ("[A] defendant *may* remove before it *must* do so."); *Gutierrez*, 2025 WL 3012277, at *5 (rejecting argument that defendant's "sophisticated knowledge of the motor vehicle industry" allowed it to ascertain the value of the claims for the purposes of removal).

Plaintiff's allegation of civil penalties does not help it either.[2] It is true that the Song-Beverly Act provides remedies in addition to actual damages, including a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)-(d). But where the estimate of actual damages is uncertain on the face of a complaint, "any estimate of civil penalties is equally uncertain." *Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025); *see also Fawcett v. Ford Motor Co.*, No. 5:23-CV-1443-SP, 2023 WL 6161030, at *2 (C.D. Cal. Sept. 21, 2023) (rejecting argument that the actual value of the vehicle "plus civil penalties equal to double that value would bring the AIC over $75,000" where "no dollar values were included in the complaint"); *Leigh v. FCA US LLC*, No. 8:21-cv-00316-JLS-KES, 2021 WL 4551864, at *3 (C.D. Cal. Oct. 5, 2021).

The allegations within the four corners of the Complaint simply do not provide enough information to trigger either the Magnuson-Moss Warranty Act $50,000 threshold or the $75,000 diversity jurisdiction threshold.[3] Defendant's

---

[2] Defendant argues that these penalties and damages should not be included in calculation of Magnuson-Moss damages for the purposes of the removal deadline. (ECF 12 at 17-18.) The Court need not, and does not, reach that question to decide the Motion.

[3] In relation to diversity jurisdiction, Plaintiffs also suggest that Plaintiffs' citizenship was unambiguous from the face of the Complaint. (ECF 10 at 7, 12-13.) The Court need not reach that issue based on the above analysis, but in any event, Plaintiffs are wrong. Diversity jurisdiction depends on citizenship. The Complaint, however, only alleged that Plaintiffs were "residents" of Fresno, California. (Compl. ¶ 2.) Residency alone, without evidence of "an intention to make a certain definite place one's permanent abode," does not equate to citizenship for the purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted); *see also Crisp-Stoot v. Wal-Mart Stores, Inc.*, No. CV 18-10694 PSG (PJWx), 2019 WL 1307735, at *3-4 (C.D. Cal. Mar. 22, 2019) (finding allegations of California residency insufficient to establish citizenship for removal based on diversity of citizenship). As such, Defendant could not reasonably ascertain the basis of removal from the Complaint's sole allegation that Plaintiffs were California (cont'd . . .)

1  30-day statutory removal deadline under § 1446(b)(1) was therefore not
2  triggered by Plaintiffs' service of the Complaint.

3  Plaintiffs also do not argue that they served any "other paper" that would
4  trigger the second 30-day period described in 28 U.S.C. § 1446(b)(3), or that
5  removal was sought more than a year after the Complaint's filing. The removal
6  was therefore timely under 28 U.S.C. § 1446(c)(1).

**B. Defendant Establishes Amount in Controversy by Preponderance of Evidence**

9   Plaintiffs argue that, if the notice of removal is timely, the Court should
10  nevertheless remand. They do not dispute diversity of citizenship, but they do
11  contend that the amount in controversy does not exceed $75,000. (ECF 10 at 14-
12  16; ECF 13 at 7-16.)

13  A notice of removal need only include a "plausible allegation" that the
14  amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee*
15  *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Once the plaintiff
16  contests the matter, however, or if the court questions it, a preponderance of the
17  evidence standard applies. *Id.* Here, Defendant has shown, by a preponderance
18  of the evidence, that the amount in controversy exceeds $75,000.

19  Defendant argues that the amount in controversy is $225,427.41: actual
20  damages of $75,142.47, civil penalties of $150,284.94 (two times the actual
21  damages), plus approximately $15,000 in attorneys' fees. (ECF 12 at 24-26.) It
22  calculates the actual damages number as follows: Plaintiffs purchased the
23  vehicle for $107,898.16. (ECF 12-2 (Opp'n Ex. A).) Plaintiffs' remaining balance
24  was $34,997.13 as of August 2025. (ECF 12-4 (Opp'n Ex. C).[4]) If the case goes a

---

"residents."

[4] Exhibit C reflects a balance of $34,930.40. The Court assumes Defendant's number is a typo, but the typo is irrelevant to the analysis.

9

year beyond that date—which is not an unreasonable assumption, given the stage of this case and the fact that early settlement appears unlikely—and Plaintiffs continue payments at the same pace, the balance would be $19,555.17. Defendant calculated a mileage offset of $6,721.52, using the mileage recorded the first time the car was presented for repair. (ECF 12-3 (Opp'n Ex. B).) Defendant avers that it identified an additional offset for optional third-party contracts amounting to $6,479.00. (ECF 12 at 24; Opp'n Ex. A.) Taking each of those deductions against the original purchase price, the actual damages in play would be $75,142.47.

Plaintiffs argue that Defendant does not support the actual damages with specific facts. Of all Defendant's numbers, however, Plaintiffs only specifically took issue with the mileage Defendant choose to use to calculate the mileage offset. Defendant used the mileage at the first repair, on June 9, 2022, as the relevant one. (Opp'n Ex. B at 2.) The choice to use the first repair when estimating amount in controversy is not improper. *See Carver v. Volkswagen Group of Am., Inc.*, 107 Cal. App. 5th 864, 873 (Dec. 24, 2024) (calculating mileage offset using miles driven before the vehicle was presented for repair); *see also* Judicial Council of California Civil Jury Instructions No. 3241 (2025 ed.) (model jury instruction instructs jurors to calculate mileage offset using the mileage "when [plaintiff] first delivered it to [defendant] or its authorized repair facility to fix the defect").[5]

---

[5] Notably, even if the Court used the mileage logged at the last visit before the Complaint was filed in Superior Court in April 2025, it would not bring the amount in controversy below $75,000, once civil penalties are considered. (*See* Ex. B (showing mileage of 50,243).) In that case, the mileage offset would be 36,278 (50,234/120,000 x 86,664=36,278). Using that number, along with the other deductions from the purchase price, would yield actual damages of $45,585, and the amount of controversy would still easily exceed $75,000 once civil penalties were included.

10

Moreover, Defendant has persuasively argued that civil penalties should be included in the amount in controversy. In deciding amount in controversy, courts "assume a jury will return a verdict for plaintiff on each claim included in the complaint." *Fawcett*, 2023 WL 6161030, at *3. The "ultimate inquiry" is "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (citation and internal quotation marks omitted). Here, Plaintiffs allege willfulness, the trigger for imposition of civil penalties. (Compl. ¶¶ 17, 24, 28.) The inclusion of civil penalties in the amount in controversy estimate is therefore not speculative. That is, Defendant is not "required to put forth evidence of its own willfulness" before it can ask a court to count civil penalties toward the amount in controversy. *De Vidal v. Ford Motor Co.*, No. CV 21-07115-FLA-JPRx, 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); *see also Brooks v. Ford Motor Co.*, No. CV 20-302-DSF-KKx, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act . . . .").

Nor is the amount of civil penalties speculative where defendants have established actual damages by a preponderance of the evidence. *See Abel Borrayo, et al. v. Gen. Motors LLC, et al.*, No. EDCV 25-02384-KK-MARX, 2025 WL 3034062, at *5 (C.D. Cal. Oct. 30, 2025); *Ghebrendrias v. FCA US LLC*, No. CV 21-06492-VAP-PDx, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (computing the civil penalty based on actual damages). As Defendant established actual damages, Defendant's estimate of $150,284.94 in civil penalties may be considered in the amount in controversy. (ECF 12 at 24-25.)

Regarding attorneys' fees, the Ninth Circuit has made clear that attorneys' fees may be included in the estimated amount in controversy where, as here, they are available under state law. *Shoner*, 30 F.4th at 1148; *see* Cal. Civ. Code § 1794(e)(1). Defendant estimates approximately $15,000 in attorneys'

11

1  fees based upon Plaintiffs' counsel's billing and similar cases. (ECF 12 at 25-26.)
2  This estimate is somewhat more speculative than Defendant's other
3  calculations, but the Court need not address the question, as Defendant has
4  already exceeded the $75,000 jurisdictional threshold.

5      Defendant has accordingly established that the amount in controversy
6  threshold is exceeded by a preponderance of the evidence. 28 U.S.C. § 1332(a).
7  Removal based upon diversity jurisdiction was therefore proper.

8  **IV.  CONCLUSION AND ORDER**

9      For the reasons above, Plaintiff's Motion to Remand (ECF 10) is **denied**.

11  DATED: November 7, 2025  _____
12                                       BRIANNA FULLER MIRCHEFF
                                     UNITED STATES MAGISTRATE JUDGE